| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: <br> James P. Diwik (164016) <br> Mary Creer Richardson (208586) <br> Sedgwick Detert Moran & Arnold LLP <br> One Embarcadero Center, 16th Floor <br> San Francisco, CA 94111 <br> TELEPHONE NO.: (415) 781-7900   FAX NO.: (415) 781-2635 <br> ATTORNEY FOR *(Name)*: INTERNATIONAL FIDELITY INSURANCE COMPANY | FOR COURT USE ONLY <br><br> FILED <br><br> 2005 SEP -8 PM 5: 26 <br><br> RICHARD W. ~~CLERK~~ |
|---|---|
| NAME OF COURT: United States District Court, Central District of California <br> STREET ADDRESS: 312 North Spring Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Los Angeles, CA 90012 <br> BRANCH NAME: | |
| PLAINTIFF: INTERNATIONAL FIDELITY INSURANCE COMPANY <br><br> DEFENDANT: DIAMOND OAKS CONSTRUCTION COMPANY, JAMES PELLETIER, JANICE PELLETIER, PELLETIER FAMILY LIVING TRUST, DOES 1-20 | |
| **TEMPORARY PROTECTIVE ORDER** | CASE NUMBER: <br> CV 04-01978 VRW ARB |

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a ☐ natural person ☐ partnership ☐ unincorporated association ☒ corporation ☐ other *(specify)*:
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 2,736,935.43
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☐ There is a danger that the property sought to be attached would be
         (a) ☐ concealed.
         (b) ☐ substantially impaired in value.
         (c) ☐ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☒ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☐ Other circumstances:

   g. ☒ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 10,000.00    before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:   See ~~attachment~~ 1  Exhibit

CV-4M (12/03) <br>
(AT-140 [Rev. January 1, 2000]) <br>
**TEMPORARY PROTECTIVE ORDER** <br>
(Attachment) <br>
Code of Civil Procedure, §§ 482.030, 486.010 et seq. <br>
Page one <br>
CCD-CV4M

| SHORT TITLE: International Fidelity Insurance Company v. Diamond Oaks Construction Company, et al. | CASE NUMBER: CV 04-01978 VRW ARB |
|---|---|

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

   k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☐ Other *(specify)*:

   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      (2) after *(date)*: _____ , or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: 1

Date:

Honorable Vaughn R. Walker
(TYPE OR PRINT NAME)                    (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

---

[SEAL]

### CLERK'S CERTIFICATE
I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by _____ , Deputy

---

CV-4M (12/03)            **TEMPORARY PROTECTIVE ORDER**            Page two
                              (Attachment)

**Exhibit 1**

(A)    All assets

(B)    Interests in real property except leasehold estates with unexpired terms of less than one year. CCP § 488.315;

(C)    Accounts receivable, chattel paper, and general intangibles arising out of the conduct by the defendant of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150). CCP § 488.470;

(D)    Accounts receivable and general intangibles arising out of any amounts owing by Kiewit Pacific Co. ("Kiewit") or any other entities to Diamond Oaks Construction Company ("Diamond Oaks"), including, but not limited to:

   (1)    any amounts owing to Diamond Oaks by Kiewit or any other entities in connection with Kiewit's contract with City of Roseville for the construction of a wastewater treatment plant in the Pleasant Grove area of the City of Roseville, commonly known as the Pleasant Grove Wastewater Treatment Plant;

   (2)    any amounts owing to Diamond Oaks by Kiewit or any other entities in connection with a project commonly known as Banta Carbona Pipeline;

   (3)    any amounts owing to Diamond Oaks by Kiewit or any other entities in connection with a project commonly known as the E.A. Fairbairn Water Treatment Intake Station;

(E)    Money on the premises where a trade, business, or profession is conducted by the defendant and money in deposit accounts. CCP § 488.535 and CCP § 488.455; and

(F)    Securities. CCP § 488.450.