IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>      v<br><br>DIAMOND OAKS CONSTRUCTION COMPANY et al,<br><br>      Defendants.<br>_____/ | No C-04-1978 VRW<br><br>ORDER |

       On May 19, 2004, plaintiff International Fidelity Insurance Company ("IFIC") filed this diversity action against Diamond Oaks Construction Company ("Diamond Oaks"), its President James Pelletier, Janice Pelletier (collectively "Pelletiers") and the Pelletier Family Living Trust ("PFLT") for allegedly breaching an indemnity agreement. Doc #1. To ensure recovery, IFIC filed an ex parte application on June 24, 2005, asking the court to issue a right to attach order and order for issuance of writ of attachment on the assets of Diamond Oaks or in the alternative, to issue a temporary protective order ("TPO"). Doc ##19, 23. On July 26,

1 2005, the court issued a TPO that applied until a hearing held on
2 September 8, 2005. Doc #28. At the hearing, the court issued
3 another TPO and requested a supplemental declaration, which IFIC
4 filed on October 17, 2005. See Doc ##30, 31, 32. For the reasons
5 stated below, the court GRANTS the application for a right to
6 attach order and order for issuance of writ of attachment.

8                                I

9          IFIC is a New Jersey corporation that was qualified to
10 issue contract and license bonds as a surety in California. Doc #1
11 at 1:21-24. IFIC issued public works performance and payment bonds
12 on behalf of Diamond Oaks for three California public works
13 projects. IFIC Br (Doc #23) at 2:17-3:2. As a surety, IFIC was
14 required to cover for any breach by Diamond Oaks on contracts in
15 connection with these projects. Bragg Decl (Doc #24), Exs 2-4.
16 IFIC also issued a California contractors license bond on behalf of
17 Diamond Oaks. IFIC Br at 3:3-4. In keeping with customary
18 practice, Diamond Oaks, the Pelletiers and PFLT executed an
19 indemnity agreement in favor of IFIC in which they agreed to

>           exonerate, indemnify, and keep indemnified [IFIC]
>           from and against any and all liability for losses
>           and/or expenses * * * (including but not limited to,
>           interest, court costs and counsel fees) * * * (1) By
>           reason of having executed or procured the execution
>           of the Bonds, (2) By reason of the failure of
>           [Diamond Oaks, the Pelletiers or PFLT] to perform or
>           comply with the covenants and conditions of this
>           Agreement or (3) In enforcing any of the covenants
>           and conditions of this Agreement.

Bragg Decl, Ex 1.

          IFIC alleges that Diamond Oaks abandoned one of its
projects and did not pay for various subcontractors and materials,

forcing IFIC to investigate, litigate and settle thirty-two claims totaling $2,650,878.76. IFIC Br at 4-6; Lum Decl (Doc #32) at 2. Additionally, IFIC claims attorneys', consultant and accountant fees totaling $84,092.80. Lum Decl at 2. In a letter dated March 1, 2004, IFIC demanded that the defendants provide indemnification, which they have not done. Bragg Decl, Ex 45; IFIC Br at 7:6-10.

## II

Under FRCP 64, state law governs prejudgment attachments:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment * * * are available [as] provided by the law of the state in which the district court is held * * *.

As a preliminary matter, California law requires an applicant for a right to attach order to submit an affidavit showing that the applicant is entitled to a judgment on the claim. Cal Code Civ Pro § 484.030. IFIC accomplishes this by providing evidence of payment to Diamond Oaks' obligees and evidence indicating that defendants are liable under a valid indemnity agreement. Bragg Decl ¶¶ 5, 8, 10, 13, Exs 15-44; Lum Decl, Exs 1-2.

California law also requires that before issuing a writ of attachment, a plaintiff must file an undertaking of at least $10,000 to pay a defendant in case the attachment was wrongful. Cal Code Civ Pro §§ 489.210, 489.220. IFIC's filing meets this requirement. Doc #27.

Additionally, a right to attach application must: (1) show the underlying asserted contract claim alleges at least $500.00 in ascertainable money damages; (2) state the exact amount

sought; (3) state that the purpose of seeking attachment is only to ensure recovery on the claim; (4) state that the claim is not discharged in bankruptcy and (5) describe the property to be attached and state that the property is subject to attachment based on applicant's information and belief.  Cal Code Civ Pro §§ 484.020(a)-(e), 483.010.

Here, IFIC's application satisfies these five requirements.  IFIC's application states that the debt is readily ascertainable, totals $2,734,971.56 and is based on an indemnity agreement.  IFIC Br at 9; Lum Decl at 2.  IFIC's attorney Brian Bragg declares that he believes the claim has not been discharged or stayed in a bankruptcy proceeding and that the application is "not given for any purposes other than to protect IFIC'[s] rights in connection with its claim in this action and facilitate its recovery * * *."  Bragg Decl at ¶¶ 19, 22.  The application also includes a description of the property to be attached and states that IFIC believes that the assets remain available for attachment.  Id at ¶¶ 18, 21.  Accordingly, IFIC's application satisfies all of the technical requirements of California law.

Additionally, the argument for issuing a writ of attachment is especially strong here because Diamond Oaks could have -- but did not -- oppose issuance of the writ.  Cal Code Civ Pro § 484.050(e).  In fact, Diamond Oaks did not assert that its property is exempt from attachment or even appear at the September 8, 2005, hearing.  Nonetheless, before attaching Diamond Oaks' assets, California law requires the court to find that:  (1) the attachment is sought on a claim in which attachment is allowed; (2) the plaintiff's claim is probably valid; (3) the purpose of seeking

4

1 attachment is only for recovery on the claim and (4) the amount to
2 be attached is greater than zero.  Id § 484.090(a).

3   The court finds that issuing a right to attach order and
4 order for issuance of writ of attachment is appropriate here.
5 First, because IFIC bases this action on an indemnity contract and
6 seeks more than $500 in damages, an attachment may be issued on
7 IFIC's claims.  IFIC Br at 9.

8   Second, the court finds that it is "more likely than not
9 that the plaintiff will obtain a judgment against the defendant on
10 that claim."  Cal Code Civ Pro § 481.190.  IFIC argues that the
11 defendants breached a valid indemnity agreement when they refused
12 to repay IFIC what it paid to obligees.  IFIC Br at 11:1-2.  IFIC
13 includes in its application a copy of the executed indemnity
14 agreement, the bonds, the complaints from subcontractors' lawsuits
15 naming IFIC as a party, the checks that IFIC issued to the
16 claimants and a letter seeking indemnification.  The agreement is
17 clear as to Diamond Oaks' liability, stating that the indemnifiers
18 will "exonerate, indemnify, and keep indemnified the surety from
19 and against any and all liability for losses and/or expenses."
20 Bragg Decl, Ex 1.  Moreover, the agreement states that evidence of
21 IFIC's payment, which IFIC has provided through copies of checks
22 paid to third-party obligees, shall be prima facie evidence of the
23 fact and amount of defendants' liability.  Id, Ex 1 at ¶ 2, Exs 15-
24 44; Lum Decl, Exs 1-2.  Accordingly, IFIC has shown that its claim
25 is probably valid.

26   Third, the court finds that based on IFIC's unopposed
27 application and supporting documents, the attachment is sought only
28 for the recovery of the claim.  And finally, IFIC claims

5

$2,734,971.56, which clearly exceeds zero.  Because IFIC has met all these requirements, the court GRANTS IFIC's application for a right to attach order and order for issuance of writ of attachment.

IT IS SO ORDERED.



VAUGHN R WALKER
United States District Chief Judge